WILLIAM J. SCHROEDER, ISB No. 6674
PAINE HAMBLEN LLP
701 Front Avenue, Suite 101
P. O. Box E
Coeur d'Alene, Idaho 83816
Telephone: (208) 664-8115
Facsimile: (208) 664-6338

Mailing Address:
717 West Sprague Avenue, Suite 1200
Spokane, Washington 99201-3505
Telephone: (509) 455-6000
Facsimile: (509) 838-0007

Attorney for Defendant MetLife Auto & Home
Insurance Agency, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAUL MARUSICH,<br><br>        Plaintiff,<br><br>vs.<br><br>METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, a Rhode Island corporation; and DOES I –V, unknown parties,<br><br>        Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** |

Pursuant to 28 U.S.C. 1441(b), the Defendant, Metropolitan Property and Casualty Insurance Company ("MetLife"), by and through its attorneys of record, Paine Hamblen LLP,

hereby gives notice of removal of the above-entitled action from the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, to the United States District Court for the District of Idaho, and in support thereof, states as follows:

1. The above-entitled action was commenced in the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, on March 3, 2011, and is currently pending in that Court. It is believed that a Summons was issued at or about that same time.

2. On or about March 4, 2011, Defendant MetLife received a copy of the Complaint, via an attachment to a letter from Plaintiff's attorney, Bryan Storer. (*See*, Affidavit of Resolute Michaels in Support of Defendant's Notice of Removal to United States District Court ("Aff. of Michaels"), filed March 24, 2011, at ¶ 2) A copy of the Complaint received by Defendant MetLife is attached hereto as Exhibit A.

3. A copy of the Summons, which was received from Plaintiff's counsel on March 23, 2011, is attached hereto as Exhibit B.

4. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. 1332, and is one which may be removed to this Court by Defendant MetLife pursuant to the provisions of 28 U.S.C. 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Defendant MetLife, upon information and belief, believes that the Plaintiff, Paul Marusich, is a resident of Eagle, Ada County, Idaho. Paragraph 1 of Plaintiff's Complaint states that Plaintiff is a resident of Eagle, Ada County, Idaho. (*See*, Complaint and Demand for Jury Trial ("Complaint"), filed March 3, 2011, attached hereto as Exhibit A) Defendant MetLife is

authorized to do business in, among other places, the State of Idaho, with its principal place of business in Rhode Island. (*See,* Aff. of Michaels, at ¶ 3) Paragraph 2 of Plaintiff's Complaint acknowledges that Defendant MetLife is an Rhode Island corporation. (*See,* attached Complaint) Moreover, Paragraph 2 of Plaintiff's Complaint acknowledges that Defendant MetLife is a foreign corporation authorized to do business in the State of Idaho. (*See,* attached Complaint)

6. Thirty (30) days have not yet expired since this action became removable to the United States District Court, for the District of Idaho.

7. Venue is proper in the District of Idaho, pursuant to 28 U.S.C. 1391(b), on the grounds that a substantial part of the events or omissions giving rise to the claim occurred within its jurisdictional district.

8. This case involves a claim of damages resulting from a motor vehicle accident that occurred on February 19, 2009. Plaintiff alleges that he was injured, while a passenger, in said motor vehicle accident, when the vehicle he was in was struck in the rear by an uninsured motorist. To that end, Plaintiff is claiming damages for bodily injuries, physical pain and suffering, loss in the enjoyment of life, impairment of faculties and punitive damages. Accordingly, Plaintiff asserts causes of action for breach of contract, breach of implied covenant of good faith and fair dealing, bad faith tort, and attorney's fees and costs, claiming that Defendant MetLife failed to pay amounts due under an insurance policy. (*See,* attached Complaint) Defendant MetLife, without admitting that the Plaintiff is entitled to any relief, asserts that, based upon the relief sought by the Plaintiff, it is "more likely than not" that the actual amount in controversy is in excess of $75,000, exclusive of interests and costs. *See, Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir. 1996). On or about

March 4, 2011, Plaintiff's attorney, Bryan Storer, sent a letter to Defendant MetLife claiming damages of $475,000, and demanding payment of the same. (*See,* Aff. of Michaels, at ¶ 2, Exhibit A) In addition to the foregoing, the Plaintiff seeks attorney's fees and costs pursuant to I.C. § 41-1839 and Idaho Civil Rule 54(c). (*See,* attached Complaint) Attorney's fees, which are sought by the Plaintiff in this matter, are included in determining whether the jurisdictional limit of $75,000 is satisfied. The United States Supreme Court case <u>Springstead v. Crawfordsville State Bank</u>, 231 U.S. 541, 541-42 (1913), held recoverable attorney's fees are included in the amount in controversy pursuant to 28 U.S.C. § 1332. It is a good faith belief of Defendant MetLife that the actual and potential damages the Plaintiff is seeking exceeds the sum of $75,000.

9. Pursuant to 28 U.S.C. 1446(d), the Defendant's Notice to Clerk of Removal to United States District Court, and a copy of this Notice, are being served upon Plaintiff's counsel on the date this Notice is signed.

10. Pursuant to 28 U.S.C. 1446(b), the Defendant's Notice to Clerk of Removal to United States District Court is being filed with the Clerk of the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, on the date this Notice is signed.

WHEREFORE, Defendant MetLife requests that the above-entitled action be removed from the District Court of the Fourth Judicial District of the State of Idaho, in and for the County Ada, to the United States District Court for the District of Idaho.

DATED this 24 day of March, 2011.

                                    PAINE HAMBLEN LLP

                                    By: *[signature]*
                                    William J. Schroeder, ISB No. 6674
                                    717 West Sprague Avenue, Suite 1200
                                    Spokane, Washington 99201-3505
                                    Telephone: (509) 455-6000
                                    Facsimile: (509) 838-0007
                                    william.schroeder@painehamblen.com
                                    Attorney for Defendant Metropolitan
                                    Property and Casualty Insurance Company.

## CERTIFICATE OF SERVICE

I hereby certify that on the ~~24th~~ day of March, 2011, I served a copy of the foregoing **DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**, on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing.

Brian S. Storer           storerlaw@msn.com

Additionally, a copy of the foregoing was served on the following party by first class mail, postage prepaid, addressed to:

Brian S. Storer
Storer & Miner, PLLC
Attorney at Law
4850 North Rosepoint Way, Suite 104
Boise, Idaho 83713
208-323-9730

By: _/s/ William J. Schroeder_
William J. Schroeder, ISB No. 6674
717 West Sprague Avenue, Suite 1200
Spokane, Washington 99201-3505
Telephone: (509) 455-6000
Facsimile: (509) 838-0007
william.schroeder@painehamblen.com
Attorney for Defendant Metropolitan
Property and Casualty Insurance Company.

I:\Spodocs\00199\00158\PLEAD\00893308.DOC