NO._____ FILED
A.M._____ P.M._____

MAR 0 3 2011

CHRISTOPHER D. RICH, Clerk
By CARLY LATIMORE
DEPUTY

BRYAN S. STORER, ISB #6944
CLINTON E. MINER, ISB # 3887
STORER & MINER, PLLC
4850 N. Rosepoint Way, Suite 104
Boise, Idaho  837213
Telephone:  (208) 323-0024
Facsimile:   (208) 323-9730

Attorney for Plaintiff

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF

## THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

CVOC   1104383

PAUL MARUSICH,

Plaintiff,

vs.

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY, a
Rhode Island corporation; and DOES I-V,
unknown parties,
            Defendant,

Case No.: _____

COMPLAINT AND DEMAND FOR JURY
TRIAL

COMES NOW Plaintiff, by and through his attorney of record, Bryan S. Storer, of the

law firm of Storer Injury Lawyers, PLLC, and for cause(s) of action against Defendant alleges as

follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, is now, and at all times relevant to this action was, a resident of Eagle, Ada

   County, Idaho.

2. At all relevant times herein, Defendant Insurer, Metropolitan Property and Casualty

   Insurance Company a Rhode Island corporation, was and is a foreign corporation

COMPLAINT AND DEMAND FOR JURY TRIAL - 1 of 8

**EXHIBIT A**

authorized to do business in the state of Idaho and to sell, issue, and re-issue insurance and otherwise does and has had authority to transact insurance business in the state of Idaho. Defendant Insurer's License Number is 1022.

3. The amount in controversy is greater than the sum of $10,000.00, and this claim therefore exceeds the jurisdictional limits of the magistrate's division and thereby satisfies the jurisdictional prerequisites of the district court.

4. Based upon the above allegations, and pursuant to Idaho Code § 5-404, venue is proper in Ada County in this action.

5. Service of process shall be made upon the Defendant Insurer pursuant to Idaho Code § 41-333 and § 41-334, by service upon the Director of the Department of Insurance for the State of Idaho.

## FACTUAL ALLEGATIONS

6. At all times herein mentioned, the Defendant insurer had issued to Paul Marusich, the owner of the vehicle in which Plaintiff was a passenger, a certain automobile policy of insurance which policy was and at all relevant times herein has remained in full force and effect.

7. Plaintiff is an insured under the terms of the policy.

8. The insurance policy provides for Uninsured Motorist Coverage to pay for damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle provided that the bodily injury was sustained by an insured and caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle.

COMPLAINT AND DEMAND FOR JURY TRIAL - 2 of 8

9. On February 19, 2009 at approximately 4:30 pm, Plaintiff was stopped and waiting to make a left turn. The uninsured driver failed to stop and collided with the rear of the Plaintiff's vehicle.

10. Timothy McMillin, the driver that caused the subject collision, was not insured.

11. The foregoing facts demonstrate that the negligence of Timothy McMillin was the sole and proximate cause of the aforementioned accident and subsequent injury to Plaintiff.

12. At said time and place, the Timothy McMillin had a duty to exercise reasonable care in the control and operation of his motor vehicle.

13. At said time and place, the Timothy McMillin was driving in a careless, reckless, and negligent manner, and with disregard for the likely consequences of injury to persons and property, caused this collision.

14. As a direct and proximate result of the rear-end collision, Plaintiff was caused to suffer serious bodily injuries, physical pain and suffering, loss in the enjoyment of life, and impairment of faculties.

15. Plaintiff was not negligent and was not at fault.

16. The above described injuries have permanent residual effects, and Plaintiff continues to experience pain and suffering and will is limited in his normal and usual activities.

17. As a further result of the injuries sustained, Plaintiff has incurred necessary medical expenses from the date of the injury and it is likely that plaintiff will need further medical care in the future.

18. On or about December 29, 2009, counsel for Plaintiff notified the Defendant Insurer of the claims herein, and the Plaintiff submitted a statement of claim for Underinsured Motorist coverage under the terms of the insurance policy.

COMPLAINT AND DEMAND FOR JURY TRIAL - 3 of 8

19. Plaintiff has not prejudiced any rights that the Defendant Insurer may have as and for a subrogated interest against the Timothy McMillin, either by reason of entering into any settlement of any claims, or otherwise.

20. Plaintiff has complied with all notice requirements of the insurance policy, and has submitted proof of loss. The proof of loss consisted of a demand letter, medical records, medical bills, police report, and other information, and was furnished to Defendant Insurer on or about December 29, 2009.

21. Defendant Insurer has failed to pay an amount justly due under the policy to Plaintiff within thirty (30) days after the proof of loss was furnished.

22. Defendant Insurer breached the terms of the insurance policy by failing to pay benefits due under Plaintiff's claim. In adjusting Plaintiff's claim, Defendant Insurer acted in bad faith by intentionally and unreasonably denying and delaying payment on a claim that was not fairly debatable and, in the process, harmed the Plaintiff in such a way not fully compensable at contract. The delay and denial on the claim was not the result of a good faith mistake.

23. That in doing the acts described in this Complaint, Defendant Insurer knew it would cause financial and emotional injury to Plaintiff, but nonetheless carried out the adjustment of the claim with a conscious disregard of Plaintiff's right to the proceeds of the policy, and with the intention of depriving his of the policy proceeds to which he was entitled.

24. Plaintiff is entitled to pre-judgment interest on the amount justly due under the policy at the rate provided in Idaho Code § 28-22-104 beginning December 29, 2009.

COMPLAINT AND DEMAND FOR JURY TRIAL - 4 of 8

## FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)

25. Plaintiff incorporates herein by reference all of the foregoing and following allegations of his Complaint.

26. All premiums due under the policy were paid, Plaintiff submitted all proofs of loss required under the policy, and performed all other conditions required him to perform.

27. Defendant Insurer breached the policy by failing to justly pay Plaintiff's claim.

28. As a direct and proximate result of Defendant Insurer's breach of the insurance policy, the Plaintiff has suffered direct and consequential losses and damages in an amount to be determined at trial.

29. As a result of the above and foregoing events, the Plaintiff has been required to retain an attorney in this matter. The Plaintiff is entitled to recover his reasonable attorney fees and costs of litigation from Defendant Insurer pursuant to Idaho Code § 41-1839 and Rule 54(c) of the Idaho Rules of Civil Procedure.

## SECOND CAUSE OF ACTION
### (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

30. Plaintiff incorporates herein by reference all the foregoing and following allegations of the Complaint.

31. All premiums due under the policy were paid, Plaintiff submitted all proofs of loss required under the policy, and performed all other conditions required him to perform.

32. Defendant Insurer breached the implied covenant of good faith and fair dealing by failing to justly pay Plaintiff's claim.

33. As a direct and proximate result of Defendant Insurer's breach of the implied covenant of good faith and fair dealing, the Plaintiff has suffered direct and consequential loss and damages in an amount to be determined at trial.

34. As a result of the above and foregoing events, the Plaintiff has been required to retain an attorney in this matter. The Plaintiff is entitled to recover his reasonable attorney fees and costs of litigation from Defendant Insurer pursuant to Idaho Code § 41-1839 and Rule 54(e) of the Idaho Rules of Civil Procedure.

## THIRD CAUSE OF ACTION
### (BAD FAITH TORT)

35. Plaintiff incorporates herein and by reference all the foregoing and following allegations of his Complaint.

36. In adjusting Plaintiff's claim, the Defendant Insurer has acted in bad faith by intentionally and unreasonably denying and delaying payment on a claim that was not fairly debatable and, in the process, has harmed the Plaintiff in such a way not fully compensable at contract. The delay and denial on the claim was not the result of a good faith mistake.

37. By denying and delaying payment of Plaintiff's claim, Defendant Insurer, knowing it had no legal justification for doing so, purposefully forced Plaintiff to file this Complaint in order to obtain insurance proceeds to which he is entitled.

38. During the adjustment of Plaintiff's claim, Defendant Insurer realized it had no grounds for disputing Plaintiff's entitlement to policy proceeds regarding losses incurred for medical expenses. Defendant Insurer nevertheless neglected to pay the undisputed portion of Plaintiff's claim.

39. As a direct and proximate result of the bad faith adjustment of Plaintiff's claim, the Plaintiff has suffered direct and consequential losses and damages in an amount to be determined at trial

40. As a result of the above and foregoing events, the Plaintiff has been required to retain an attorney in this matter.  The Plaintiff is entitled to recover his reasonable attorney fees and cots of litigation from Defendant Insurer pursuant to Idaho Code § 41-1839 and Rule 54(c) of the Idaho Rules of Civil Procedure.

## CLAIM FOR ATTORNEY FEES

41. Plaintiff has been required to retain the services of Storer Injury Lawyers, PLLC, to prosecute this action and is thus entitled to recover their reasonable attorney fees from the Defendant, jointly and severally, in accordance with Idaho Code § 41-1839 and Rule 54(c) of the Idaho Rules of Civil Procedure.

## DEMAND FOR JURY TRIAL-I.R.C.P. 38(b)

Plaintiff demands a trial of a jury of twelve.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

A. For Plaintiff's special and general damages in amounts which may be proven at trial.

B. Pre-judgment interest on the amount justly due under the policy beginning December 29, 2009.

C. For Plaintiff's reasonable costs and attorney fees incurred herein; and

D. For such other and further relief as this Court deems just and equitable.

Dated this _3_ day of March, 2011.

STORER & MINER, PLLC

By: _____

Bryan S. Storer

**COMPLAINT AND DEMAND FOR JURY TRIAL - 8 of 8**

NO._____
A.M._____ FILED _____
_____ P.M. _____

MAR 0 3 2011

CHRISTOPHER D. RICH, Clerk
By CARLY LATIMORE
DEPUTY

BRYAN S. STORER, ISB #6944
CLINTON E. MINER, ISB # 3887
STORER & MINER, PLLC
4850 N. Rosepoint Way, Suite 104
Boise, Idaho 837213
Telephone: (208) 323-0024
Facsimile:  (208) 323-9730

THOMAS F. NEVILLE

Attorney for Plaintiff

## IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF

## THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

PAUL MARUSICH,

Plaintiff,

vs.

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY, a
Rhode Island corporation;
and DOES I-V, unknown parties,

Defendant,

Case No.: _____

CVOC   1104383

SUMMONS

TO:  Metropolitan Property and Casualty Insurance Company

NOTICE:  YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF. THE
COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE
UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

You are hereby notified that in order to defend this lawsuit, an appropriate written

response must be filed with the above-designated Court within 20 days after service of this

SUMMONS, PAGE 1 OF 2

15

EXHIBIT B

Summons on you. If you fail to so respond, the Court may enter judgment against you as demanded by the Plaintiff in the Complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice of or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1.    The title and number of this case.

2.    If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3.    Your signature, mailing address and telephone number, *or* the signature, mailing address and telephone number of your attorney.

4.    Proof of mailing or delivery of a copy of your response to Plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named Court.      MAR 0 3 2011

DATED this ____ day of March, 2011.

CLERK OF THE DISTRICT COURT
CHRISTOPHER D. RICH

CARLY LATIMORE

By:_____
        Deputy Clerk                          *SEAL*

SUMMONS, PAGE 2 OF 2

16